IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASCINA ca de LUPIS, s.r.l.
via ragazzi del 99, n. 78
35013 Cittadella (PD) Italy

v.

VINI, INC.
5766 Second Street, N.E.
Washington, D.C. 20011

and

CORRADO BONINO individually
and d/b/a CALITA CORPORATION
2400 M. Street NW
Apt. 425
Washington, D.C. 20036

**JURY TRIAL DEMANDED**
No
CASE NUMBER   1:07CV00011
JUDGE: Rosemary M. Collyer
DECK TYPE: Contract
DATE STAMP: 01/04/2007

## COMPLAINT

Plaintiff, Cascina Ca de Lupis, s.r.l. ("Cascina"), for its civil action against defendants Vini, Inc. ("Vini") and Corrado Bonino ("Bonino") individually and d/b/a Calita Corporation, avers as its complaint against defendants as follows:

### STATEMENT OF THE CLAIM

1. Plaintiff is an Italian company that exports high-quality Italian wines to the District of Columbia area. From September 2005 through June 2006, Cascina sold in excess of $600,000 worth of such wines to Vini, a wine importer within the District of Columbia. Vini sold and distributed this wine to various American accounts. Vini has failed to pay for most of this wine. The most substantial American account to whom Vini

sold and delivered wine is Galileo Restaurant ("Galileo") in the District of Columbia. Defendant Bonino, without authorization from plaintiffs, and posing as a general director and sales coordinator for plaintiff, orchestrated a series of sales from plaintiff and Vini to Galileo. Bonino directed Galileo to make payments to him instead of to Vini or to plaintiff. To date, Galileo has paid monies intended for plaintiff for the purchase of wine to Bonino. Defendant has have failed to remit any such payments to plaintiff. Accordingly, defendant Bonino has converted and retained approximately $258,000 which belongs to plaintiff.

## PARTIES

2. Plaintiff Cascina is a corporation organized in Italy with its principal place of business at via ragazzi del 99, n. 78, 35013 Cittadella (PD) Italy. Cascina's principal business is the exportation and sale of quality Italian wines.

3. Vini is a corporation organized and existing in the District of Columbia with its principal place of business located at 5766 Second Street, N.E., Washington, D.C., 20011. Vini is an importer and a distributor of wines, including fine Italian Wines.

4. Bonino, is an individual and resident of the District of Columbia. The residence is located at 2400 M. Street, Apt. 425, Washington, D.C. 20036. Bonino is a native of Italy and worked for a period of time as a consultant and sales agent for plaintiff, Cascina, until he was fired.

5. Bonino represented that the Calita was a "corporation" on whose behalf he had the authority to transact business. However, upon information and belief, Calita is

not a legally recognized corporation in the District of Columbia but rather is the alter ego of Bonino.

6.   Galileo is a gourmet restaurant specializing in Italian cuisine and fine Italian wines. It is operated by Roberto Donna, a famous gourmet chef. Galileo is implicated in this dispute because it is the largest single purchaser of the fine Italian wines exported by Cascina to Vini. It is not named as a defendant in this action.

## JURISDICTION AND VENUE

7.   This Court has jurisdiction pursuant to 28 U.S.C. §1332 based upon the diversity of the parties and the amount in dispute exceeds $75,000.

8.   Venue is proper within the District of Columbia pursuant to 28 U.S.C. §1391(a) as defendants reside within the District of Columbia and a substantial part of the events giving rise to the claim occurred within the District of Columbia.

## FACTUAL ALLEGATIONS

9.   From September 2005 through June 2006, plaintiff Cascina sold $601,515.80 worth of fine Italian wines to defendant, Vini for importation into the United States and resale.

10.   As of the date of the filing of this complaint, Vini has paid Cascina only $185,849 for the wines imported by Vini into the United States. There is thus a balance owed by Vini to Cascina of $415,666.80.

11.   From April 2005 until September 2006, Bonino worked as a consultant for plaintiff Cascina assisting Cascina and Vini in the resale of the wines which Vini purchased from Cascina.

12.   On September 27, 2006, Cascina fired Bonino as a consultant

because his performance in arranging sales of wine was not satisfactory and he was not properly accounting for sales of wine.

13. From January 2006 through August 2006, Vini distributed at least $257,900 worth of wine imported from plaintiff Cascina to Galileo. Bonino, a long-time friend of Robert Donna, owner of Galileo, assisted Vini in the distribution of this wine.

14. Galileo and Roberto Donna, at the instructions of Bonino, paid $257,900 to Bonino and/or Calita, believing based on information received from Bonino that such payments were for the wine that Galileo Restaurant received from defendant Vini and plaintiff.

15. Upon information and belief, Bonino instructed Galileo to issue checks payable to cash. Bonino then deposited these checks into bank accounts controlled by and for the benefit of Bonino.

16. Bonino has converted these funds, $257,900 to his own use and has failed to remit any such funds to plaintiff, Cascina.

### COUNT I
### PLAINTIFF V. DEFENDANT VINI, INC.
### BREACH OF CONTRACT - FAILURE TO MAKE PAYMENT

17. Plaintiff incorporates all the above paragraphs as though fully set forth and restated herein.

18. From September 2005 through June 2006, plaintiff Cascina sold and delivered $601,515.80 worth of fine Italian wines to defendant Vini.

19. Vini imported this wine into the United States from Italy and

promised and contracted to pay Cascina. To date Vini has remitted only $185,849 in payment for said wines.

20. There is thus a balance owed of $415,666.80 which Vini has refused to pay to Cascina.

21. Such failure to pay is a breach of contract for which Vini is liable to Cascina for the full amount owed plus interest and costs.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Vini in the amount of $415,666.80 plus pre-judgment and post-judgment interest and costs.

## COUNT II
### PLAINTIFF V. DEFENDANT CORRADO BONINO
### FRAUD AND CONVERSION

22. Plaintiff incorporates the above paragraphs as though fully set forth and restated herein.

23. As set forth above, defendant Bonino, assisted Vini and plaintiff in supplying Galileo with at least $257,900 of the wine imported by Vini from Cascina.

24. Posing as a general manager and sales coordinator for Cascina, Bonino instructed Roberto Donna to pay Bonino and his "corporation", Calita for the wines supplied to Galileo by Vini.

25. Subsequent to their receipt of $257,900 of monies from Galileo, Bonino, individually and through Calita, failed to remit any of these funds to plaintiff or to Vini and instead converted these funds to his own use.

26. Bonino, individually and through Calita, by fraud and deception, have thus

obtained at least $257,900 of monies owed by Vini to plaintiff, Cascina. Bonino, individually and through Calita, are thus liable to Cascina for $257,900 plus pre and post-judgment interest plus costs.

26. Additionally, for their deliberate fraud and deception which was a willful and wanton act by Corrado Bonino, individually and through Calita, is further liable to plaintiff for punitive damages.

WHEREFORE, plaintiff requests that the Court enter judgment in its favor and against defendants, Corrado Bonino, individually and through Calita, in an amount equal to the funds which the defendants collected from Galileo and Roberto Donna plus such punitive damages as deemed just and proper plus pre and post-judgment interest, costs and attorney fees.

DATE: January 4, 2007

Respectfully submitted,
MCLEOD, WATKINSON & MILLER

_____
Marc E. Miller, DC Bar # 948372
MCLEOD, WATKINSON & MILLER
One Mass. Ave., N.W., Suite 800
Washington, D.C. 20001
Telephone: (202) 842-2345
Facsimile: (202) 408-7763
Counsel for Plaintiff


Jack Meyerson
MEYERSON & O'NEILL
1700 Market Street, Suite 3025
Philadelphia, PA 19103
215-972-1376
Attorneys for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
CASCINA ca de LUPIS

99999

## DEFENDANTS
VINI, INC. and CORRADO BONINO individually and d/b/a CALITA CORPORATION

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ Italy
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ Washington, D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Marc E. Miller, Esq., MCLEOD, WATKINSON & MILLER, One Mass. Ave., N.W., Suite 800 Washington, D.C. 20001, Tel. (202) 842-2345

CASE NUMBER   1:07CV00011
JUDGE: Rosemary M. Collyer
DECK TYPE: Contract
DATE STAMP: 01/04/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ◉ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ◉ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ◉ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⊗ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊗ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1332 - Breach of Contract and Fraud based on contract

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 415,666.80   Check YES only if demanded in complaint   JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 1/4/2007   SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

  I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

  III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

  IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

  VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

  VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.